**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DANIEL ORCHARD,

        Petitioner,

                                     Case No. 2:25-cv-14150
v.                                 Hon. Jonathan J.C. Grey

SHERMAN CAMPBELL,

        Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1), DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I.    INTRODUCTION

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Daniel Orchard pleaded guilty to first-degree child abuse, MICH. COMP. LAWS § 750.136b(2), two counts of third-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520d(1)(b), and distributing sexually explicit material to a child, MICH. COMP. LAWS § 722.675, in the St. Clair County Circuit Court. (ECF No. 1, PageID.2.) In February 2024, Orchard was sentenced to concurrent terms of 18 years to 30 years in prison, 10 to 15 years in prison, and 1 to 2 years in prison. (*Id.* at

PageID.1.) In his petition for writ of habeas corpus ("habeas petition" or "petition"), Orchard challenges the validity of his sentence and the effectiveness of defense counsel at sentencing. (ECF No. 1.)

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face); *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]"); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999) (same).

Upon preliminary review, for the reasons set forth below, the Court concludes that Orchard's claims lack merit and do not warrant federal

2

habeas relief. Consequently, the Court **DENIES** and **DISMISSES** the habeas petition. (ECF No. 1.) The Court also **DENIES** a certificate of appealability and **DENIES** leave to proceed in forma pauperis on appeal.

## II.    FACTS AND PROCEDURAL HISTORY

Orchard's convictions arise from his sexual abuse of his 11-year-old nephew at the home of Orchard's parents (where Orchard was living) in Algonac, St. Clair County, Michigan in May and June 2023. (ECF No. 1, PageID.17–18.) On January 16, 2024, Orchard pleaded guilty to first-degree child abuse, two counts of third-degree criminal sexual conduct, and distributing sexually explicit material to a child in exchange for the dismissal of additional charges. (*Id.* at PageID.17.) In providing a factual basis for his plea, Orchard admitted that he showed his nephew pornography on his phone when they were fishing and that he sexually assaulted his nephew at the house by putting his penis in his nephew's mouth on at least two occasions and by penetrating his nephew's anus on two occasions. (*Id.* at PageID.18.)

On February 26, 2024, the trial court sentenced Orchard to concurrent terms of 18 years to 30 years in prison, 10 to 15 years in

prison, and 1 to 2 years in prison on those convictions. (*Id.* at PageID.1.) In doing so, the trial court scored Offense Variable 11 at 50 points for two or more penetrations and scored Offense Variable 8 at 15 points for asportation[1] of the victim to a place of greater danger. (*Id.* at PageID.27–28.) Defense counsel did not object to the scoring of the guidelines. (*Id.* at PageID.18.)

After his plea and sentencing, Orchard filed a motion to correct an invalid sentence with the trial court, challenging the scoring of Offense Variables 11 and 8 and claiming that defense counsel was ineffective. (*Id.* at PageID.18–19, 29–30.) The trial court denied the motion, finding that the scoring of Offense Variable 11 was justified by the preliminary examination testimony detailing the sexual assaults, (*id.* at PageID.25–26), and that the scoring of Offense Variable 8 was supported by the fact that the sexual assault occurred in Orchard's bedroom. (*Id.* at PageID.28.)

---

[1] Asportation is "[t]he act of carrying away or removing (property or a person)." *Asportation*, BLACK'S LAW DICTIONARY (12th ed. 2024).

Orchard then filed an application for leave to appeal with the Michigan Court of Appeals, raising the same issues presented on habeas review. The court denied leave to appeal "for lack of merit in the grounds presented." *People v. Orchard*, No. 373227 (Mich. Ct. App. Dec. 27, 2024); (ECF No. 1, PageID.34.) Orchard also filed an application for leave to appeal with the Michigan Supreme Court, which the court denied in a standard order. *People v. Orchard*, 20 N.W.3d 567 (Mich. 2025); (ECF No. 1, PageID.33.)

Orchard thereafter filed his federal habeas petition asserting that the trial court erred in scoring Offense Variables 11 and 8 and that defense counsel was ineffective for failing to object at sentencing. (ECF No. 1.)[2]

## III.  STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of

---

[2] While Orchard does not list ineffective assistance of counsel as a habeas claim on his form petition, he attaches and references his state appellate brief, which includes that claim, to his pleadings. For the sake of completeness, the Court will include and address the claim.

review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting

6

*Williams v. Taylor*, 529 U.S. 362, 405–406 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. "In order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520–521 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court has held that "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102 (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). "[A] habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *see also White v. Woodall*, 572 U.S. 415, 419–420 (2014). "[F]ederal judges are required to afford state courts due

8

respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (citations omitted). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases—indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (emphasis in original); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are determined solely by Supreme Court precedent. Thus, "circuit precedent does not

9

constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48–49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts, however, may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citations omitted); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–361 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.   DISCUSSION

### A.   Scoring of the Offense Variables

Orchard first asserts that he is entitled to habeas relief because the trial court erred in scoring Offense Variables 11 and 8 of the

Michigan sentencing guidelines.

Orchard raised this claim in his motion to correct an invalid sentence before the state trial court and again on direct appeal in the state courts. The trial court denied the motion on the merits, the Michigan Court of Appeals denied leave to appeal for lack of merit, and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denials of relief are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. A sentence imposed within the statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948) ("The sentence being within the limits set by the statute, its severity would not be grounds for relief here even on direct review of the conviction, much less on review of the state court's denial of habeas corpus."); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) ("[A] sentence imposed within the statutory limits . . . is not generally subject to appellate review."). Claims arising out of a state court's sentencing decision are generally not cognizable on habeas review unless the petitioner can show that the sentence exceeded the statutory limits or is

11

wholly unauthorized by law. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001) (citation omitted).

Orchard's sentences are within the statutory maximums for his offenses. *See* MICH. COMP. LAWS § 750.136b(2) (authorizing a sentence of life or any term of years), § 750.520d(1)(b) (authorizing a maximum sentence of 15 years), § 722.675 (authorizing a maximum sentence of 2 years). Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

Orchard contests the trial court's scoring of Offense Variables 11 and 8 under Michigan law. A claim challenging the scoring of the offense variables of the sentencing guidelines, however, is not cognizable on federal habeas review because it is a state law claim. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also Kissner*

*v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). State courts are the final arbiters of state law and federal courts will not intervene in such matters absent a federal constitutional violation. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

However, a sentence may violate federal due process if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*, 334 U.S. at 741); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (citations omitted)

13

(defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the sentencing court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v. Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992).

Orchard makes no such showing. He had a sentencing hearing before the trial court with an opportunity to contest the sentencing decision (although defense counsel did not object to the scoring of the guidelines, *see infra* Section IV.B.). Orchard also had a hearing on his motion to correct an invalid sentence where he challenged the scoring of the offense variables before the trial court, but he was denied relief. Orchard fails to establish that the sentencing court relied upon materially false or inaccurate information, which he had no opportunity to correct, in imposing his sentences. Thus, habeas relief is not warranted on this claim.

**B.    Effectiveness of Defense Counsel**

Orchard relatedly asserts that defense counsel was ineffective at sentencing for failing to object to the scoring of Offense Variables 11 and

14

8 of the Michigan sentencing guidelines.

Orchard raised this claim in his motion to correct an invalid sentence before the state trial court and again on direct appeal in the state courts. The trial court denied the motion on the merits. The Michigan Court of Appeals denied leave to appeal for lack of merit, and the Michigan Supreme Court denied leave to appeal in a standard order.

The state courts' denials of relief as to the ineffective assistance of counsel claim are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. U.S. CONST. amend. VI. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner "must show that counsel's performance was deficient." *Strickland*, 466 U.S. at 687. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, a

15

petitioner "must show that the deficient performance prejudiced the defense." *Id.* "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial[.]" *Id.*

To satisfy the performance prong, a petitioner must identify acts or omissions that were "outside the wide range of professionally competent assistance." *Id.* at 690. A reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound strategy. *Id.* at 689.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome" of the proceeding. *Id.* "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the

16

[proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

In this case, Orchard fails to show that defense counsel erred and/or that he was prejudiced by counsel's conduct. First, counsel may have reasonably decided not to object to the scoring of the sentencing guidelines because they were properly scored (as the trial court ruled in denying the motion to correct an invalid sentence). Second, given that

17

the trial court ruled that Offense Variables 11 and 8 were properly scored and the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented on the underlying sentencing claim, Orchard cannot establish that the result would have been different had defense counsel objected at the sentencing hearing. Counsel cannot be deemed ineffective for failing to make a futile or meritless objection or argument. *Tackett v. Trierweiler*, 956 F.3d 358, 375 (6th Cir. 2020); *Hoffner v. Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010). Orchard thus fails to establish that defense counsel was ineffective at sentencing under the *Strickland* standard. Accordingly, habeas relief is not warranted on Orchard's ineffective assistance of counsel claim.

## V. CONCLUSION

For the reasons stated above, the Court concludes that Orchard is not entitled to federal habeas relief on his claims. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** Orchard's petition for writ of habeas corpus. (ECF No. 1.)

Before Orchard may appeal this decision, a circuit justice or circuit or district judge must issue a certificate of appealability. *See* 28 U.S.C. §

18

2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484–485 (2000). Orchard makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Therefore, the Court **DENIES** leave to proceed in forma pauperis on appeal.

**SO ORDERED.**

**s/ Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Dated:   June 2, 2026

19

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 2, 2026.

<u>s/ S. Osorio</u>
Sandra Osorio
Case Manager